IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANIEL SNOWDEN,

Petitioner,

vs.

DAVE DAVEY, Acting Warden, California State Prison-Corcoran,

Respondent.

No. 2:11-cv-01039-JKS

ORDER
[Re: Motion at Docket No. 43]

At Docket No. 43, Snowden filed a document entitled "Objections to Magistrate's Report and Recommendation." It appears that Snowden is under the mistaken belief that this Court's denial of his Petition for a Writ of Habeas Corpus, Docket Nos. 41 and 42, was made by a magistrate judge in the form of a report and recommendation to the District Court, thus requiring him to file objections to the report and recommendation within fourteen days. E.D. CAL. R. 304(b).

Although Snowden consented to jurisdiction by a magistrate judge, Docket No. 8, the Respondent declined such jurisdiction, Docket No. 9. In order for a magistrate judge to exercise dispositive jurisdiction, consent by both parties is required. 28 U.S.C. § 636(c)(1); FED. R. CIV. P. 73(b)(1); E.D. CAL. R. 305(a). In the absence of consent by both parties, a magistrate judge may only determine non-dispositive issues. 28 U.S.C. § 636(b); E.D. CAL. R. 303(a). Because the Respondent did not consent to referral to a magistrate judge, a magistrate judge determined non-dispositive issues but the final determination to deny Snowden federal habeas corpus relief was made by a United States district judge. *See* Docket Nos. 41 and 42. Accordingly, the rules regarding reports and recommendations, including filing objections, are inapplicable here.

Nevertheless, because Snowden's filing seeks reconsideration of the judgment of this Court, and the motion was filed within twenty-eight days of entry of judgment, the Court will construe Snowden's filing as a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). *See Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 898-99 (9th Cir. 2001) ("[A] motion for reconsideration is treated as a motion to alter or amend judgment under Federal Rule of Civil Procedure Rule 59(e) if it is filed within [twenty-eight] days of entry of judgment." (citation and internal quotation marks omitted)); FED. R. CIV. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.").

In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) the motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) the motion is necessary to present newly discovered or previously unavailable evidence; (3) the motion is necessary to prevent manifest injustice; or (4) there is an intervening change in controlling law. *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011). However, "amending a judgment after its entry [is] an extraordinary remedy which should be used sparingly." *Id.* (citation and internal quotation marks omitted). Further, a Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (quoting 11 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2810.1, 127-28 (2d ed. 1995)).

Snowden has not made an adequate showing under any of the four basic grounds for amending or altering the judgment referenced above; rather, he simply repeats arguments raised

in his Petition. In addressing the merits of Snowden's Petition, this Court examined each of those claims in detail and rejected them. Snowden's arguments in the filing before this Court are nothing more than a rehash of the arguments already made and rejected by this Court.

Snowden additionally asserts in the present filing that the Court's denial of his Petition shows that the Court was biased against him. Docket No. 43 at 2-4. But as the Ninth Circuit has repeatedly recognized, adverse rulings alone are insufficient to demonstrate judicial bias. *See Larson v. Palmateer*, 515 F.3d 1057, 1067 (9th Cir. 2008); *Taylor v. Regents of the Univ. of Cal.*, 993 F.2d 710, 712-13 (9th Cir. 1993); *Davis v. Fendler*, 650 F.2d 1154, 1163 (9th Cir. 1981). Snowden has accordingly failed to provide any basis upon which this Court could alter or amend the judgment. He additionally fails to provide any basis for this Court to reconsider its prior determination not to grant a Certificate of Appealability.

Snowden further requests an evidentiary hearing. Docket No. 43 at 4. The Supreme Court made clear in *Pinholster* that "review under [28 U.S.C.] § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011); *see Townsend v. Sain*, 372 U.S. 293, 312-13, 319 (1963), *overruled on other grounds by Keeney v. Tamayo-Reyes*, 504 U.S. 1 (1992), *superceded in part by statute*, 28 U.S.C. 2254(d) (1996). "Federal courts sitting in habeas are not an alternative forum for trying facts and issues which a prisoner made insufficient effort to pursue in state proceedings." *Williams v. Taylor*, 529 U.S. 420, 437 (2000) (quoted with approval in *Pinholster*, 131 S. Ct. at 1401); *see Harrington v. Richter*, 131 S. Ct. 770, 787 (2011) (noting that the basic structure of federal habeas jurisdiction is designed to confirm that state courts are the principal forum for asserting constitutional challenges to state convictions); *Wainwright v.*

*Sykes*, 433 U.S. 72, 90 (1977) ("[T]he state trial on the merits [should be] the 'main event,' so to speak, rather than a 'tryout on the road' for what will later be the determinative federal habeas hearing."). "If the state-court decision 'identifies the correct governing legal principle' in existence at the time, a federal court must assess whether the decision 'unreasonably applies that principle to the facts of the prisoner's case.'" *Pinholster*, 131 S. Ct. at 1399 (quoting *Williams*, 529 U.S. at 413). As the Supreme Court noted, "[i]t would be strange to ask federal courts to analyze whether a state court's adjudication resulted in a decision that unreasonably applied federal law to facts not before the state court." *Id.* (footnote omitted). Although under *Pinholster* an evidentiary hearing in a federal habeas proceeding is not absolutely precluded, *Pinholster* also made clear that the discretion to grant a request for an evidentiary hearing is cabined by § 2254(e)(2), *id.* at 1400-01, which provides:

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that—
>
> (A) the claim relies on—
>
> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

Snowden's request in this case does not meet that standard. Nor, based upon the record before this Court, can it be said that the state courts precluded him from developing the factual basis for his claim. *See Pinholster*, 131 S. Ct. at 1417 n.5 (Sotomayer, J., dissenting) (assuming that the majority did not intend to preclude an evidentiary hearing when the petitioner's ability to develop the facts was the fault of the state court itself).

This Court denied habeas corpus relief and a certificate of appealability on May 30, 2014. Docket Nos. 41, 42. Snowden has 35 days from this date to file a motion for a certificate of appealability with the Ninth Circuit. 9TH CIR. R. 22-1(d). It appears that Snowden's mistaken belief that this Court's decision was a report and recommendation from a magistrate judge and not the final decision of this Court may delay him from timely filing such a request. While Snowden's mistaken belief may or may not have been reasonable, in the interest of justice and given Snowden's *pro se* status, this Court hereby invokes equitable tolling and allows Snowden an additional 30 days to file a request for a certificate of appealability from the Ninth Circuit Court of Appeals. *See Holland v. Florida*, 560 U.S. 631, 645 (2010) (28 U.S.C. § 2254 is subject to equitable tolling). Accordingly, this Court grants Snowden an additional 30 days, or until and including Monday, August 4, 2014, to file a motion for a certificate of appealability with the Ninth Circuit.

The Ninth Circuit may issue a certificate of appealability only if Snowden makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Snowden must show that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (citation and internal quotation marks omitted).

**IT IS THEREFORE ORDERED THAT** the Objections to Magistrate's Report and Recommendation at Docket No. 43, construed as a Motion to Alter or Amend the Judgment, is **DENIED**.

**IT IS FURTHER ORDERED THAT** Snowden has until and including Monday, August 4, 2014, to file a motion for a certificate of appealability with the Ninth Circuit Court of Appeals.

Dated: July 1, 2014.

/s/James K. Singleton, Jr.
JAMES K. SINGLETON, JR.
Senior United States District Judge